# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 4, 2021

Lyle W. Cayce
Clerk

No. 19-11312

United States of America,

*Plaintiff—Appellee*,

*versus*

Murrell Wilson,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-152-1

Before Graves, Costa, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Murrell Wilson challenges his 72-month sentence for conspiring to deal methamphetamine. That sentence is well below his advisory Guidelines range of 168 to 210 months. Wilson argues he should not have received a two-point enhancement for maintaining a premises for the purpose of distributing a controlled substance. *See* U.S.S.G. § 2D1.1(b)(12). Although

---

\* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

removing that enhancement would still have had resulted in a Guidelines range much higher than the sentence Wilson received, he contends the reduced range might have led to a lower sentence.

Wilson's principal argument is that that the district court improperly applied the "maintaining a premises" enhancement as a matter of relevant conduct based on the conduct of his co-conspirator who owned the house. While recognizing that relevant conduct is the default rule for Guidelines enhancements, *see* U.S.S.G. § 1B1.3(a), Wilson argues it does not apply to the premises enhancement because it focuses on the "defendant" rather than the "offense." *Id*. § 2D1.1(b)(12).

We need not decide whether relevant conduct applies to the premises enhancement. In overruling Wilson's objection to the enhancement, the district court did mention the conduct of his co-conspirator. But it also recited Wilson's own connections to the house, which would have been unnecessary if the court were relying solely on relevant conduct in imposing the enhancement.

We thus consider whether the district court clearly erred in applying the premises enhancement based on Wilson's own conduct. *United States v. Guzman-Reyes*, 853 F.3d 260, 263 (5th Cir. 2017) (applying clearly erroneous standard to finding that defendant maintained a premises for purpose of drug trafficking). Under that standard, we must affirm if the finding is "plausible in light of the record as a whole." *Id*.

It was plausible to apply the enhancement. The premises was a stash house; the only dispute involves Wilson's role in maintaining it. He had lived at the home for about a year. He was allowed to live there rent-free in exchange for distributing narcotics and conducting home repairs. Substantial amounts of the drugs Wilson dealt were stored at the house. Wilson did not just deliver the drugs that were stored in the home; he also helped obtain the

drugs in the first place.  In January 2019, for example, he went with his codefendant to obtain "2 to 3 pounds of methamphetamine."  Given that Wilson had a role in the drug operation both before and after the drugs would be stored in the residence, it was reasonable to conclude that he had access to the drugs when they were in the home even if they were not stored in his bedroom.  Indeed, Wilson did not rebut the statement in the Presentence Report, which was adopted by the district court, that he had "control and access to the residence."  The length of his residing in the home and his job doing home repairs also are at odds with the view that his access and control were limited to his own bedroom.  Wilson's possession of a firearm in the home is also consistent with his control over the residence where valuable drugs and drug proceeds were stored.   For these reasons, it was reasonable for the district court to conclude that Wilson exercised sufficient dominion and control over the house that was the base for the drug dealing conspiracy he was part of.  U.S.S.G. § 2D1.1(b)(12), note 17.

AFFIRMED.

No. 19-11312

James E. Graves, Jr., *Circuit Judge*, dissenting:

Because I would conclude that the district court clearly erred in applying the premises enhancement, I respectfully dissent.

Murrell Wilson pleaded guilty to conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 21 U.S.C. § 846. At the time, Wilson was living with his niece, Shelly Norrell, and her common-law husband, Anthony Lucio, at Lucio's house.[1] Wilson lived in the home rent-free in exchange for doing remodeling on the residence and delivering drugs for Lucio. The record does not indicate the amount of time Wilson spent remodeling the house or how often he delivered drugs for Lucio. Upon searching the home, authorities discovered 619 grams of methamphetamine, 1,269 grams of cocaine, three firearms, ammunition, a digital scale, five cell phones and $13,568 in the bedroom shared by Norrell and Lucio. Authorities also discovered a handgun in Wilson's bedroom.[2]

Wilson's total offense level of 35 included a two-level increase for maintaining a premises for the purposes of drug distribution under U.S.S.G. § 2D1.1(b)(12). Wilson objected to that enhancement, arguing that the PSR did not establish that he had a possessory interest in or control over the house. Further, he argued that the bedroom shared by Lucio and Norrell should be considered the drug premises because that is where everything was found, and he had no unrestricted access to that room. Wilson also asserted

---

[1] The majority refers to the premises as a "stash house." However, the PSR repeatedly refers to the premises as Lucio's residence, not a "stash house." While the enhancement considerations are similar to those of the "stash house" statute, 21 U.S.C. § 856, that does not make this a "stash house" for purposes of Wilson.

[2] The record does not establish that this handgun was in any way connected to drug activity. Further, the record in no way establishes that the presence of the firearm in Wilson's bedroom somehow gave him control over the entire premises.

that the relevant conduct rule that a defendant is accountable for reasonably foreseeable conduct of those involved in a jointly undertaken criminal act does not apply to the drug premises enhancement. The probation officer argued that the relevant conduct rule does apply, and that the enhancement was proper because Wilson lived in the house, had unrestricted access to come and go, and distributed drugs that were stored in Lucio's room in exchange for living there.

The district court overruled Wilson's objection. In doing so, the district court found that Lucio had control of the premises and that information in the PSR indicated Wilson had control of the room he was occupying. The court also concluded that Wilson was entitled to a downward departure for substantial assistance. The court then sentenced Wilson to a prison term of 72 months, which was 96 months below the bottom of the guidelines range of 168-210 months, and three years of supervised release. Wilson subsequently filed this appeal.

The majority concluded that it need not decide whether relevant conduct applies to the premises enhancement because, "[i]n overruling Wilson's objection to the enhancement, the district court did mention the conduct of his co-conspirator. But it also recited Wilson's own connections to the house, which would have been unnecessary if the court were relying solely on relevant conduct in imposing the enhancement." The majority then concluded that the premises enhancement properly applied based on Wilson's own conduct and that it was reasonable for the district court to conclude that Wilson exercised sufficient dominion and control over the house. U.S.S.G. § 2D1.1(b)(12), note 17.

However, the majority's conclusion is contradicted by both the district court's own findings and the record. Specifically, the district court found that "I believe *it's clear that co-offender Lucio had control of the premises*,

and the information in the presentence report indicates that *[Wilson] had control of the room he was occupying.*" (Emphasis added). There were no drugs or money found in Wilson's room. Further, there was no evidence that Wilson's room was ever used for the storage or distribution of drugs. As the district court found, Lucio had control of the premises.

The majority points to Wilson's statement that he had accompanied Lucio to obtain methamphetamine in January 2019 as somehow supporting the conclusion that he had access to and control of the entire home. However, there is no evidence that Wilson had control over the drugs Lucio obtained, that Wilson took them back to the residence, that Wilson had access to them in the home or that Wilson accompanying Lucio outside the home somehow gave Wilson access to or control over the entire home. Moreover, the incident in January 2019 occurred shortly before Wilson's arrest in February 2019. The fact that Wilson accompanied Lucio shortly before being arrested in no way establishes that, for the year prior, Wilson had somehow been maintaining Lucio's residence for the purposes of drug distribution. Additionally, the record does not indicate that Wilson dealt substantial amounts of drugs, as the majority states. The record indicates that Wilson delivered drugs for Lucio. The record does not specify how often drugs were delivered or how much. The confiscated drugs were found in the house, specifically in areas controlled by Lucio. The drugs were not confiscated from transactions allegedly made by Wilson. The evidence is insufficient to support the enhancement.

Without the enhancement, the applicable sentencing range would have been 135-168 months. While that is above the imposed sentence of 72 months, the district court gave no indication that it would have imposed the same sentence regardless of any error. *United States v. Escalante*, 933 F.3d 395, 405-06 (5th Cir. 2019). Instead, the district court determined that Wilson deserved a "significant reduction in your sentence below the bottom

of the advisory guideline range" based on his lack of criminal history, substantial assistance to the government and other reasons. There is no indication that the district court would not have also reduced Wilson's sentence under the correct range of 135-168 months.

For these reasons, I would reverse and remand. Thus, I respectfully dissent.